*Original*

RECEIVED
JUN 2 8 2006
CLERK U.S. DISTRICT COURT
ANCHORAGE. ALASKA

1  Robert A. Long
   Pro Se.
2  Po Box 3526
   Seward, Ak.
3  99664.
   Phon-Fax, 907-224-3026.
4  E-Mail xtrapper@msn.com.

5

## IN THE UNITED STATES DISTRICT COURT

6

## FOR THE DISTRICT OF ALASKA

7

8  ROBERT A. LONG,                          Case No._____

9          Plaintiff,
                                            COMPLAINT AND REQUEST FOR
10  V.                                      INJUNCTIVE RELIEF UNDER
                                            TITLE 42 USC 1983 CIVIL RIGHTS
11  UNITED STATES OF AMERICA,               ACT AND COMMON LAW.

12  _____Defendant._____

13

14      COMPLAINT AND REQUEST FOR INJUNCTIVE RELIEF FROM UN-LAWFUL DENIAL OF

15  AUDIO, VIDEO, AND WRITTEN FEDERAL DOCUMENTS, DENIED BY FEDERAL JUDGES, IN

16  FURTHERANCE OF ACTIONS OF OBSTRUCTION OF JUSTICE, BY CRIMINAL CONSPIRACY,

17  REQUEST FOR INJUNCTIVE RELIEF FROM THE CRIMINAL COVER UP OF FELONY CRIMES

18  WITHIN THE COURTS IN INVESTIGATION OF THE OFFENCES AND UNDERLINE EFFECTIVE RELIEF

19  GRANTED BY THE COURT AS AN OUT COME OF A FINDING OF CRIMINALLY DENIED

20  FEDERAL DOCUMENTS AND RECORDS:

21

22  JURISDICTION:

23      Subject Matter Jurisdiction exist pursuant to, 42 USC 1983, C.R.A., RICO, CIVIL and CRIMINAL,

24  and 5 USC. 552(a)(4)(B), which grants a district court of the United States Jurisdiction to Enjoin an

25  Agency, [Other Court's and Court Actors, in this Case], from Improperly Withholding Records and to

26  Order said Agency '[Other Court, Prosecutors, Public Defenders, FBI]' to produce such records to this

27  p 1 of 15

28

1  Complainant, Venue is proper in the District of Alaska, under 5, USC. (A)(4)(B), which grants jurisdiction

2  to the district court in the district in which the Complaint lives, (the Sovereign Immunity of the United

3  States, does not Exist in this Suit do to this being an Injunctive Relief Action).

4

5  DISQUALIFICATIONS IN THIS SUIT:

6     Plaintiff Contends that do to the Allegations in this Suit and the On Face Evidence in the Criminally

7  Denied Court Documents to Cover Up Crimes by Judges, [from Long V. County, et al., A99-0520-CV-

8  (JKS-HRH), USA. V. Long, A02-0031CR-(JWS-HRH-RHB-JVS), and Other Directly Related Suits],

9  again these Court Records Containing Criminal Evidence against Alaska, Federal Judges and other Federal

10 Actors, Alaska, State, and City of Seward, Actors, [being that the Court Actors are Acting in Intended

11 Obstruction of Justice to Cover Up the Criminal Actions of US. Federal Judges, in the Actual Reasons for

12 the Denials of the Federal Records to the Plaintiff], that All Anchorage, Federal Actors are Disqualified in

13 this Case, and that the Inherent Prejudice of Other Alaska, Federal Judges for the Anchorage, Judges must

14 Preclude any Judge or Other Actor Involvement with a Personal History, in any Manner, with an Involved

15 Federal, State of Alaska, or City of Seward, Actor, from Acting in this Suit, [this must Include California,

16 Appellant Commissioner Shaw, District Judge Selna, and Chief Judge Schroder, of the First District of the

17 9th. Circuit, as these Actors have Engaged in the Criminal Denial of the Audio and Written Documents

18 Effectively Denying Justice and Obstructing Justice in the Court Appeals Cases and Supported Misconduct

19 Complaints].

20

21 THE QUESTION OF WHEN A FEDERAL JUDGE ABDICATES THEIR OFFICIAL POSITION AND

22 THEIR ACTIONS BECOME MOOT AND OF NO EFFECT UNDER THE U.S. CONSTITUTION IS

23 BROUGHT BEFORE THE COURT AS A REQUIRED ISSUE:

24    Plaintiff Contends and brings before the Court, (as a Required Issue), the Question of when a Setting

25 District Court Judge, in fact is no longer a Setting Judge and all Judicial Acts are Void and Moot by that

26 Judge, [if Federal Judges are no longer Judges at the Time of their Actual Act of Bad Behavior under the

27 Clear Words of the US. Constitution, not after an Actual Impeachment by Congress], [Or as in most cases,

28 p 2 of 15

1  after Being Given a Clean Walk by the Judicial Council, being let Retire to Avoid Impeachment,

2  Prosecution, Embarrassment to the Government and the Government Criminal Denial of Relief to the

3  Citizen Victim], as under Common Law, Common Reason, and the US. Constitution all Judicial Acts in all

4  of Plaintiffs Cases are Moot and Must be Re-Litigated before an Actual Lawfully Setting Federal Judge, in

5  Long V. County-USA. V. Long-Long V. Roberts-Long V. City, 2002, and 2005, and in the Judicial

6  Misconduct Complaints against Judges Roberts, Singleton, Sedwick, Beistline, (the Court Reminded that

7  Federal Judges are not Appointed For Life as is the Public Mantra on the Issue by Federal Judges, but Only

8  for Times of Good Behavior, that time must end at the time of Actual Bad Behavior!

9

10  COURT STANDING ON THE ABDICATION OF JUDICIAL AUTHORITY ISSUE:

11     This Court must Address as a Required Issue the Setting Aside of all Plaintiffs Past Cases for

12  Abdication of Jurisdiction by the Involved Judges by Constitutionally Defined Misconduct, (as a Federal

13  Judge's Actual Jurisdiction-Authority is a Base Issue of Law, as the Actual Jurisdiction and

14  Authority of the Involved Federal Judges are at Issue and Must be Resolved, as any and all

15  Courts must Address Jurisdiction Under Mandatory Judicial Notice when the Issue is

16  Raised, {no Actual Law or Court Issue Case Citing, for Standing, are Cited or Required for

17  the Court to have Standing, or for the Standing of Plaintiff to Raise the Issue}.

18     As Federal Judges are Only Federal Employees and Work for the Federal Government, [as a Slave-

19  Servant of the "Sovereign People" under the Deceleration of Independence and 9th. and 10.

20  Amendments, and as the Constitution Contains no Provision of Immunity for Crimes or Civil Rights

21  Crimes for Federal Judges, this Court has the Responsibility and Standing to Attend this Issue and it is

22  Mandated by the Judicial Cannon of Ethics to Act, (not the Courts or Congress may Grant Immunity that

23  the US. Constitution does not Expressly Grant to them to Grant, no Immunity Exist).

24  P 3 of 15

25

26

27

28

PARTIES:

PLAINTIFF:

1. The Plaintiff Robert A. Long, is a Domiciled Citizen of the Sovereign State of Alaska, Residing at Seward, Alaska, Mile 1.6, Nash Rd. Po. Box, 3526, 99664, and Alleges that his Legal Rights and Civil Protections are Violated by the Setting Judges of the Anchorage Federal Court and Other Government Actors, Acting in a Criminal Conspiracy to Obstruct Justice in Cover Up of Crimes Committed by Judges them Selves and Other Government Actors, between 1999, and this date, by Personal Criminal Actions and by the Un-Lawful With Holding of Federal Documents and Audio Recordings that Plaintiff, has had, and has, an Absolute Right to, to Include Criminal Transcripts in Post-Trial, Appeal, 2255, Habeas Corpus and now in Appeal to the Present False Dismissal of USA. V. Long, 2255, to Include the Denial of Trial Jury Subpoenas to Support Criminal Trial Jury Tampering by the Trial Judge, these Criminal Denials Aided and Abetted by Court Appointed Counsels Sabotaging the Defense Actions by Intent.

DEFENDANTS:

The Defendant, is the United States District Court for the District of Alaska, [its Actors are Judges and Other Government Actors]. MJ. Roberts, MJ. Branson, DJ. Singleton, DJ. Holland, DJ Sedwick, DJ. Beistline, (DJ. Selna, Appellant Commissioner Peter Shaw, Chief Judge, Mary M. Schroder, Acting in Alaska, Related Matters), US. Prosecutors, Bottini, and Cooper, Federal Defenders, Mc Coy, Dieni, Rich Curtner, also Acting for the Public Defenders Office, Mr. Fletcher, Mr. Cyrus, outside Attorneys and the new Anchorage, Federal Judge, Burgess, before the Head of the Anchorage, Prosecutors Office.

STATEMENT OF CAUSE:

Plaintiff Alleges that Federal Court Written Documents, Audio Recordings, [Transcripts], FBI, Video Recordings, Warrants, Extension Applications for Phone Taps and US. Mail Interceptions, and Other Records, are being Un-Lawfully Denied to this Plaintiff in Obstruction of Justice, and Criminal Conspiracy to Obstruct Justice, by the Involved Federal Judges, Aided by Other Involved Parties Acting for the

p 4 of 15

1    Anchorage, Judges, that the Audio Recordings and Written Documents are being Denied Un-Lawfully, do

2    to their Containing Evidence of the Criminal Falsification of Court Transcripts and Other Criminal Acts

3    and Actions of Anchorage, Federal Judges, and Other Parties Involved in Issues now before the Federal

4    Court, [or that have been before the Federal Court in the Past from 1999], these Actions Contended do to

5    the Original Criminal Actions of Anchorage, MJ. Judge John D. Roberts, in the Falsification of the Long V.

6    County, et al, Suit in some time in 1999, or 2000.

7        Plaintiff Alleges that in all Plaintiffs Cases, the Judges have Engaged in the "Same Ploy" (to Deny

8    Discovery, or Order, but not Supply Discovery, then Dismiss the Case do to Un-Supported Cause), [the

9    Denied Government Documents Required to Support], then to Rule all Standing Discovery Motions and

10    Sanction Motions for Refusal to Turn over Discovery by the Government Parties, "to be Moot", do to the

11    Intended Bad Faith Dismissal by the Judge, and/or, to Move Plaintiffs Issues and Plaintiffs Complaints

12    between the Involved Disqualified Judges of the Anchorage, Court, to Deny Effective Action, these Bad

13    Faith and Criminal Actions are Contended taken do to the Criminal Evidence Against Judges, or Criminal

14    Evidence Against Other Actors that Leads Back to the Crimes of Federal Judges in the Discovery.

15

16    FACTS;

17    1, In 1999, the Plaintiff Filed a Prevailing Suit in the Anchorage, Federal Court, against the County of Los

18    Angeles, California, and Three Directors of Alaska, DMV. No. A99-0520CV-(JKS), then on Aug. 5, 2000,

19    MJ. Roberts, Ordered a Jury Trial Date for the Suit on Record and made an Un-Called for Welfare

20    Statement to the Plaintiff, then at some time after Aug. 5. 2000, MJ. Roberts, by Direct Action, or by an

21    Action taken for him, [at his Request-Order], Criminally Removed the Trial Date Order and the Welfare

22    Statement from all Court Records, Audio and Written in Criminal Falsifications of Federal Documents, all

23    Motions for Access to the Original Aug. 5, 2000, Court Proceedings Audio Recording to Support the

24    Criminal Falsification, [in all the Related Cases from that Date], have been Denied, Ignored or Refused in

25    Criminal Conspiracy to Cover Up the Crimes of MJ. Roberts, this in Over 100, Motions between the Cases,

26    11, Pages of Discovery Motions on the USA. V. Long, Malicious Prosecution Appeal alone.

27    P 5 of 15

28

1    2. In 2001, Plaintiff Filed a 9th Circuit Criminal Judicial Misconduct Complaint against the Assigned

2    Federal Judges in Long V. County, JM. Roberts, and DJ. Singleton, for the Felony Criminal Action of the

3    Falsification of the Long V. County, Trial Proceeding, [Audio and Written Transcripts], by or for, MJ.

4    Roberts, in Removal of the MJ. Roberts, Jury Trial Date Order and the Offensive Welfare Statement and

5    for the Criminal Obstruction in Cover Up by District Judge Singleton, (Judge Singleton, Refusing Plaintiffs

6    Access to the Original Audio Recording to Prove the MJ. Roberts, Falsifications, [the 9th Circuit, in Bad

7    Faith, "by then Chief Misconduct Council Judge Schroder", Dismissed do to this Complainant-Plaintiff, not

8    being able to Supply the Council with a Copy of the Original Proceedings Audio Recording], (this with a

9    Judge Singleton, Written Court Order Criminally Barring this Complainant-Plaintiff, from Access to the

10   Audio Recording before Judge Schroder, and the Council), the Council, "Schroder, also in Criminal Bad

11   Faith Dismissing, do to the Clear Schroder, Admitted Gaps in the Falsified Audio Recordings

12   not being Long Enough to Suit the Council, "SCHRODER", [no Gap should ever Exist in

13   any Court Audio Recordings is Ignored in Criminal Misconduct and Obstruction].

14   3. In about February of 2002, apparently, MJ. Roberts, and DJ. Singleton, use a Family Member working

15   on the Court, [Elisa Singleton], to Falsely Interpreted one line in each of two 20, page Plaintiffs Filings as

16   Threats against them and Attempts to Interfere with their lawful duties, this to Create a False Criminal

17   Complaint against the Plaintiff to Stop the Misconduct Action, (this Plaintiff, the Defendant in USA. V.

18   Long, A02-0520-CR-(JWS), the Actual Identity of the USA. V. Long, Original Complainant is to Date

19   With Other Court Records, Government Documents and Audio Recordings Denied to Plaintiff with the

20   Right to Confront, Plaintiff is Denied the Absolute Rights to the Identity of the Original Complainant and

21   to Confront as well as the Right to Confront Roberts-Singleton, this Denial of Proof of the Actual USA. V.

22   Long, Complainant is in Criminal Obstruction and Cover Up of Federal Crimes by all Involved Judges.

23   4. In USA V. Long, in 2002, [MJ. Roberts, as contended victim], not being Assigned to USA. V. Long, [but

24   again as contended victim without Judicial Immunity], MJ. Roberts, or Other Court Actors, acting Directly

25   for MJ. Roberts, Criminally Falsified the USA. V. Long, Trial Audio Recording and Written Transcripts of

26   day two of Trial, to Remove Prosecution Testimony by the Long V. County, Defense Attorney, "Alaska

27   p 6 of 15

28

1  State, Assistant Attorney General, Timothy W. Terrell," that MJ. Roberts, did in Fact Make the

2  Contended Trial Date Order and Offensive Welfare Statement on the Record in Long V. County, and that

3  its Removed from all Court Recordings and Documents in Second Known Proven by Court Records,

4  Criminal Falsification of Anchorage, Federal Court Transcripts. [the Access to the Original day two

5  Proceedings Original Audio Recordings, are Criminally Denied, the Defense Cross Terrell, Testimony, on

6  the Issue still Exist to Support that the Prosecution Audio and Written Records are Clearly Falsified, the

7  Prosecution Direct the Defense Cross Relates to is Removed], [Plaintiff is Criminally Denied the Access to

8  the Original Audio Recording to Support the Falsification of the USA. V. Long, Transcript], no Contention

9  of Accidental Transcript Error can be made with three Falsifications on Long V. County, Transcripts and

10  One Known on USA. V. Long, all Relating to the Same Issue!

11  5. Plaintiff Appealed to the 9th Circuit the USA. V. Long, Trial, Conviction and Sentence, and was by

12  Appellant Commissioner Shaw, and Plaintiffs Appointed Counsel, [Eugene B. Cyrus], Denied Trial

13  Recordings and Transcripts with other Discovery Documents and Records Required for an Effective

14  Appeal, do to these Court Audio Recordings holding Criminal Evidence against the Involved Judges, [the

15  Counsel Cyrus, Appointed over the Direct Written Objection of the Plaintiff, and the Denial of Discovery

16  and Bad Faith and Civil Right Violations by Commissioner Shaw, and Counsel Cyrus, are Clearly

17  Supported by the 11, pages of the Appeal Docket Sheet and the Stack of Legal Letters from Plaintiff to this

18  Counsel, that Counsel Cyrus, Criminally Refuses to Turn over to Plaintiff], [to Date Plaintiff is Denied

19  Even a Copy of the Actual Appeal in USA. V. Long, by Cyrus, the Anchorage, Federal Court and the 9th.

20  Circuit Appeals Court, in all Request and Motions and all Requested Discovery Required to Support Cause,

21  [this Appointed Appeals Counsel Refuses, "again Re-Stated", to Turn over to Plaintiff all Plaintiff Letters

22  Ordering this Counsel, [Cyrus], to Motion for Discovery and what Valid Lawful Appeals Issue to Make

23  before the Court], [in Criminal Intended Bad Faith and Sabotaged by Cyrus, Cyrus Refuses to Turn over

24  any of Plaintiffs Legal Letters Ordering Cyrus, on what Actions to Take in Appeal in USA. V. Long], no

25  Discovery Gained, no Ordered Issues Raised in Appeal by Counsel, [again the Appeals Court and

26  Anchorage, Court, Refuses the Years of Motions to Compel this Counsel, Cyrus, to Turn over these

27  p 7 of 15

28

1  Documents to Support that Counsel Sabotaged the USA. V. Long, Appeal], the Appellant Commission,

2  Shaw, in Criminal Bad Faith Refused to Remove Counsel even after Shaw, Threatened this Counsel with

3  Sanctions if Counsel did not make Plaintiffs Motions for Required Discovery, (COUNSEL CYRUS,

4  OPENLY REFUSED), "Shaw, in Criminal Misconduct gave Cyrus, a Pass on his Threatened Sanctions

5  with the On Record Contempt of the Court Order to Make Plaintiffs Motions for Discovery of Trial

6  Transcripts and Obstruction of Justice by Counsel Cyrus", [Plaintiff Filed with the USA. V. Long, Appeals

7  Court, an Affidavit Ordering Counsel Cyrus, off the Case for Criminal Bad Faith, and Lawfully in Affidavit

8  Removed any Authority of Counsel to Act or File in Plaintiffs Name, Shaw, Ignored this Affidavit to

9  Continue the Sabotage the Appeal and to Deny the Absolute Right of the Plaintiff to Remove a Defective

10  Counsel, in Cover Up of the Anchorage, Judges Court Crimes.

11  On this Issue of Sabotaged Defense by Public Defenders and their Outside Counsels Appointed, the

12  Head of the Anchorage, Federal Defenders Office Directly Admitted to Plaintiff, that his Attorneys had

13  Sabotaged the USA. V. Long, Defense do to this Plaintiffs Criminal Charges against Roberts-Singleton,

14  that an Effective Defense for Plaintiff-Defendant in USA. V. Long, would in Rich Curtner's, Words, {be

15  the same for their Careers as climbing to the top of a high building and jumping off}, [the Original

16  Defenders Attorney Assigned to the USA. V. Long, Defense, [McCoy], having been in Direct Conflict of

17  Interest with Roberts-Singleton, Abandon the Case without Warring or Explanation and his Name has by

18  the Anchorage, Court been Stripped from the Docket Sheet Records of the Trial, this Attorney, Kevin Mc.

19  Coy, Assigned for two Months, two Months of Refusals to gain Discovery or make the Direct Plaintiffs

20  Ordered Court Motions Challenging Federal Jurisdiction! [The Trial Jury Denied by the Defense Counsels

21  Access to the Complete Plaintiffs Filings in Question in USA. V. Long, only being able to see one Blocked

22  out Paragraph each of two 20 page filings in Denial of Facts by the Counsel and Judge to the Jury].

23  6. Plaintiff is Denied access to the Original Aug. 2000, Long V. County, Audio Recording as the

24  Recording Supports the Criminal Falsification by MJ. Roberts, and Supports a USA. V. Long, Defense, that

25  any action by Plaintiff was a Direct Result of the Criminal Actions of MJ. Roberts, and DJ. Singleton,

26  Committed against Plaintiff, the Denial of the day two USA. V. Long, Original Audio Transcript Access is

27  as well to Cover Up the Roberts, Falsifications.

28  P 8 of 15

7. Plaintiff is Denied access in any Form to a USA. V. Long, Ex-Parte, Trial Proceeding to Clear Third Parties for Bail, where the Pre-Trial Prosecutor Bottini, is alleged by Personal Witnesses, to have announced a Federal Phone Tap on the Phone Plaintiff would be using for Defense Attorney Contacts, [this Court Recording will Support that Plaintiff was Denied the Right to Attend Trial Proceedings, that Prosecutor Bottini, has Committed Perjury in later Court Filings, in Bottini, Statements to the Court, that Defendant-Plaintiff was Present at this Hearing, that no Phone Tap was announced or existed], it will prove that Plaintiffs Appointed Defense Counsel, DIENI, was Informed of the Phone Tap and Acted as a Government Informer in Trial, that Defense Counsel Lied to his Client-Plaintiff, that a Tap Existed and Abdicated by Intent his Duties to his Client, Counsel Adamantly Refused to let the Plaintiff use another Phone for Contacts when Plaintiff Informed Counsel a Tap Existed, [Defense Counsel Retained the Case by Repeated Threats that if Plaintiff-Defendant Attempted to Remove Counsel. Plaintiff-Defendant would be Sent to a Government Hospital, Forced on Drugs and Returned a **Drugged Out Zombie** un-able to tie his own shoe's much less Defend him Self, this Criminal Threat to Retain the Case made 3, times before Trial and 3, times at Trial before Witnesses by Mr. Dieni's].

8. Plaintiff is Denied access to the Day Two of Trial Original Audio Recordings and the Sentencing Proceedings Audio and Written Recordings, of USA. V. Long, do to this Recording Clearly Proving that the Court Supplied Audio Recording and Written Transcripts of USA. V. Long, to the Plaintiff, are Criminally Falsified to Remove Prosecution Testimony that a contended victim, MJ. Roberts, Falsified or had this USA. V. Long, Transcript Falsified, to Cover Up the Criminal Falsification of the Long V. County, Transcripts and the Obstruction of Justice by the contended second USA. V. Long, victim DJ. Singleton, and that Trial that Judge Sedwick, became Clearly Aware of the Roberts-Singleton, Crimes Committed in Long V. County, and became a Knowing Conspirator in the Criminal Cover Up of the Long V. County, and USA. V. Long, Transcript Falsifications, and Engaged in an Intended False Prosecution.

P 9 of 15

9. Plaintiff was Denied Access in any Form to the USA. V. Long, Sentencing Transcripts, as these Audio Recordings, (Support the Denial of Requested Assistance of Counsel to the Plaintiff at Sentencing by Trial Judge Sedwick, Requiring the Sentencing to be Set Aside), these Court Recordings Support the Criminal Obstruction of Justice of DJ. Sedwick, and Trial Prosecutor Cooper, in Cover Up of the Supported Criminal Action of the Falsification of the USA. V. Long, Day Two of Trial Transcript, these Audio Recordings Support the Refusal of DJ. Sedwick, to Except from the Hand of the Plaintiff the Falsified Day Two USA. V. Long, Written Transcripts into the Sentencing Trial Record, that DJ. Sedwick, and Prosecutor Cooper, had just on Plaintiffs Question Admitted on the Record would have the Missing Timothy W. Terrell, Prosecution Testimony against MJ. Roberts, on it, this Denied Audio Record will Support the Abdication of Duties by DJ. Sedwick, and Prosecutor Cooper, and Support the Matter of Plaintiffs on Record Compliant of Criminal Defense Witness Tampering by the USA. V. Long, Arresting Officer, [this Witness Tampering now under Suit in the Anchorage, Federal Court, Long V. City of Seward, before Judge Beistline, who has Dismissed in Summary Action for Lack of Support to Charges, with, the Defendants Refusing to Provide Discovery, Refusing to Answer Interrogatories and Judge Beistline, in Open Criminal Misconduct Refusing to Compel Discovery and Refusing to Compel Answered to Plaintiffs Interrogatories by the Defendant as all Questions and Documents Lead Back to the Criminal Actions of Anchorage, Judges, Judge Beistline, has Acted in Every Case of Plaintiffs to Obstruct Justice in Continuing the Denial of Government Documents and Records in Overt Criminal Misconduct].

Plaintiffs Appointed Attorney in the Appeal of the Fraudulent Present Dismissal by Judge Sedwick, of the USA. V. Long, 2255, Relief Action, has now Gained the USA. V. Long, Sentencing Transcripts, Criminally Missing the First Part of the Proceedings where the Judge and Prosecutor Commit Criminal Obstruction of Justice in Cover Up of the Transcript Falsifications by MJ. Roberts, this a Trial Judge Sedwick, Common Action, SUPPLY THE WRONG PART.

10. Plaintiff is Denied Subpoenas of the USA. V. Long, Trial Jury Required to Support that Trial Judge Sedwick, Engaged in one or more in Court Witnessed Criminal Ex-Parte Proceedings with the Trial Jury, where the Trial Jury Questioned the Trial Judge and the Trial Judge Answered and Instructed the Jury,

p 10 of 15

1  [a Personal Witness Affidavit on this Trial Judge Sedwick, Crime, Resulted in the Two and
2  a Half Hour Custodial Terrorism of the Witness by FBI, and a Federal Marshal, for Judge
3  Sedwick, and Prosecutor Cooper], this Witness, and all other Personal Witness now Refuse
4  to Testify or Produce Affidavits on any Plaintiff Issue, in any Plaintiffs Case, without Court
5  Subpoenas and Court Protection Orders, all Motions for Protection Orders for Witnesses in
6  USA. V. Long, and Long V. County, are Denied-Ignored by the Court by Judges, Sedwick-
7  Beistline-Selina].

8  11. Plaintiff has been Denied all Pro Se, Request to the USA. V. Long, Prosecutors for Post Trial
9  Discovery, [the short list], the Seward, to Anchorage, FBI. Transport Video Recording to Support that a
10  over 2, hour Custodial Interrogation took place, that FBI. Agents Committed Perjury in Trial Testimony,
11  the Phone Tap Warrants and Applications for Extensions, the Warrants and Extenctions for the US. Mail
12  Interception used for some 2, years to Interfere in Plaintiffs Legal Efforts, with the Intercepted Materials,
13  Work Notes and Written Reports by Federal Agents with Interviews, the Identity of the Original USA. V.
14  Long, Complainant, with other Discovery Request, the Present FBI. Tap on Plaintiffs Computer, the Name
15  of the Complainant in USA. V. Long, with other Mandatory Discovery the Prosecutor must turn over.
16  12. Plaintiff is Denied by Judges Sedwick, Beistline, and Selna, Subpoenas of the USA. V. Long, Trial
17  Jury, to Support one or more, Witnessed Criminal Ex-Parte, Trial Judge, Trial Jury Actions of Prejudicial
18  Jury Tampering by Judge Sedwick, on day one, and/or, two, of Trial in USA. V. Long, [again further,
19  Plaintiff is Criminally Denied Witness Protection Orders by these Judges Required as the one Personal
20  Witness to the Ex-Parte Proceedings was Assaulted by Federal Agents in Two and a Half Hour Action of
21  Pure Terrorism do to her Affidavit, all other Seward, Witnesses Related to USA. V. Long, and Long V.
22  Seward, are now to Fearful of Retaliation by Federal Agents and City, Actors to Provide Affidavits, take
23  Depositions of Testify in Court Without Subpoenas and Court Ordered Protection from Retaliation], this
24  use by the Anchorage, Judges and Prosecutors, and City of Seward, Officials, in the use of FBI. and Federal
25  Marshals, to Intimidate and Extort Silence from Witnesses by Threats of Arrest to Protect Federal Judges
26  p 11 of 15

1   and other Government Actors, an Action that is being Protected by the Involved Judges, this Denying the
2   Right to Testimony, Affidavits and Required Discovery to Plaintiff, (in Long V. City of Seward, Judge
3   Beistline, has Granted Immunity to a Witness in the Witness Tampering Suit for three Perjured Affidavits,
4   this in Pure Criminal Misconduct to Obstruct Justice by Judge Beistline).

5

6   Plaintiff Reserves the Right, to Extend the List of Denials of Discovery without leave of the
7   Court and Places only the above to be Brief in this Complaint, all Discovery Request of Plaintiff in Long V.
8   County, USA. V. Long, USA. V. Long, Appeal, USA. V. Long, Habeas Corpus, and the Several other
9   Related Federal Suits Filed by Plaintiff and Dismissed in Bad Faith by Anchorage, DJ. Beistline, have all
10  Resulted in the Abject Denial of the Above Discovery in Obstruction of Justice.

11

12  CLAIM ONE:
13  PLAINTIFF REQUEST IN INJUNCTIVE RELIEF, IN THE GRANTING AND PRODUCTION OF ALL
14  DENIED DISCOVERY IN LONG V. COUNTY, USA. V. LONG, USA. V. LONG, 9Th CIRCUIT
15  APPEAL, AND USA. V. LONG, HABEAS CORPUS, THE ORIGINAL, LONG V. CITY OF SEWARD,
16  2002. LONG V. CITY OF SEWARD, AND IN 2005, IN LONG V. MJ. ROBERTS, 2002, IN THE OVER
17  100, IGNORED OR DENIED MOTIONS IN THOSE ACTIONS.

18

19  CLAIM TWO:
20  PLAINTIFF REQUEST A JUDICIAL INVESTIGATION OF ALL FEDERAL, STATE OF ALASKA.
21  AND CITY OF SEWARD, ACTORS, IN ALL THE CASES FOR CRIMINAL MISCONDUCT.

22

23  CLAIM THREE:
24  PLAINTIFF REQUEST AS INDIVIDUAL ISSUE, THAT THE COURT SUBPOENA THE USA. V.
25  LONG, TRIAL JURY AND TINA CRUMP, OF SEWARD, ALASKA, FOR COURT HEARING AND
26  TESTIMONY ON THE DJ. SEDWICK, FELONY TRIAL JURY TAMPERING IN USA. V. LONG, AND
27  INVESTIGATE THE CONCURRENT ACTIONS IN CONFLICT OF INTEREST OF DJ. SEDWICK,
28  p 12 of 15

AS TRIAL JUDGE IN USA. V. LONG, AND ACTING IN PLAINTIFFS MISCONDUCT COMPLAINT

AGAINST THE CONTENDED USA. V. LONG. VICTIMS, AGAIN CONCURRENTLY.

CLAIM FOUR:

PLAINTIFF REQUEST A COURT INQUEST ON IF IN USA. V. LONG, IN EX-PARTE

PROCEEDINGS, PRE-TRIAL PROSECUTOR BOTTINI, ANNOUNCED TO THE DEFENSE

ATTORNEY AND COURT, ON RECORD, THAT A PHONE TAP WAS PLACED ON PLAINTIFFS

SEWARD PHONE AND IF PLAINTIFFS ATTORNEY USED THIS TAP TO MOVE DEFENSE

INFORMATION TO THE PROSECUTOR AND TRIAL JUDGE, [THE APPOINTED PUBLIC

DEFENSE ATTORNEY ACTING AS A GOVERNMENT INFORMANT}.

CLAIM FIVE:

PLAINTIFF REQUEST A COURT HEARING ON IF, DO TO THE ACTUAL FACTS IN USA. V.

LONG, CHARGES, IF FEDERAL JURISDICTION IN FACT EXISTED IN THE CASE UNDER 18 USC.

115, AND IF ACTING IN USA. V. LONG, JUDGE BEISTLINE, COMMITTED CRIMINAL FRAUD

WHEN APPOINTED TO THE JURISDICTION ISSUE AND THE JUDGE SEDWICK, TRIAL JURY

TAMPERING ISSUE, AND IF CALIFORNIA, JUDGE SELNA, ACTED IN CRIMINAL

OBSTRUCTION OF JUSTICE IN IGNORING THE JURISDICTION ISSUE AND IN CRIMINAL

COVER UP THE EX-PARTE TRIAL JURY TAMPERING OF DJ. SEDWICK, IN USA. V. LONG.

CLAIM SIX:

PLAINTIFF REQUEST A RULING ON IF A FEDERAL JUDGE IS NO LONGER A SETTING

FEDERAL JUDGE, AT THE TIME, AND FROM THE TIME OF A CRIMINAL ACT IF THEIR

ACTIONS ARE MOOT AND VOID, OR IF THIS IS ONLY AFTER THE FINDING AND

IMPEACHMENT FOR BAD BEHAVIOR, THIS QUESTION REQUIRED TO CLEAR THE ISSUE OF

IF ANY ACTION OF ANY JUDGE HAS EFFECT IN PLAINTIFFS CASES AND MUST BE RE-

LITIGATED, (IF IMPEACHMENT MUST EXIST THE QUESTION STILL EXIST OF ARE THE

1  JUDGES ACTIONS VALID BETWEEN THE TIME OF THE BAD BEHAVIOR AND

2  IMPEACHMENT).

3

4      Plaintiff hear by incorporates by reference the allegation above as set forth herein and all Court

5  Denied Documents, Records, Audio and Video Recordings in Support.

6

7      To be Simple, the Plaintiff Alleges that MJ. Roberts, in 1999, or 2000, in Long V. County,

8  Criminally Falsified the Long V. County, Trial Records and then the USA. V. Long, Transcripts in 2002,

9  that the Other Anchorage, Federal Judges, with Appellant Commissioner Shaw, Chief Judge Schroder,

10  District Judge Salina, and Other Government Actors, have Acted in Criminal Conspiracy to First Cover Up

11  the MJ. Roberts, Crimes, then to Cover Up Their and Other Actors Crimes Predicated from the Original

12  MJ. Roberts 2000, Criminal Acts, that all Government Actors have Denied Records in Criminal

13  Obstruction that the Plaintiff has an Absolute Right to Under Law, that Judicial Complaints, Case Motion

14  Filings and the Issue Order of Judges have been Trashed by Court Clerks in Misconduct, Plaintiff Alleges

15  that a Fraudulent Criminal Prosecution has been Created and used by the Government Actors against the

16  Plaintiff, that Trial Jury Tampering by a Trial Judge was used to Insure a Conviction, that Criminal Threats

17  were used against Defense Witnesses, that Appointed Counsels were used to Sabotage Defense Actions,

18  and Retained the Defense by Criminal Threats, with meany other Criminal Actions to Obstruct Justice, that

19  all Complaints are Supported by the Records of the United States Courts and other Government Records,

20  Documents and Audio and Video Recordings, Plaintiff Comes before the Court in Suit to Gain the

21  Criminally Denied Government Records to Support his Cause, [with the Required Out Come of the Court

22  taking the Required Actions against the Involved Government Actors, when the Written Records, Audio

23  Video Recordings and Documents Support Plaintiffs Valid Charges, that this Court Flush the Anchorage

24  Court].

25  P 14 of 15

26

27

28

1    Plaintiff Relies on 5 USC. 552(a)(3), requiring that government agencies "upon any request for

2   records..."shall make the records promptly available to any person", 5 USC. 552, under FIRO, the Right to

3   Discover being aromatic should be actionable under FIRO, as Administrative Violation and under the Facts

4   that Exist, Under Federal RICO. Civil and Criminal Statutes, this should grant the Court Jurisdiction as

5   well Require Action under Fundamental Justice, the Court is also Directed to Common Law and the

6   Absolute Requirement for All Courts to Address Criminal Actions brought to their Attention by a Litigant.

7

8

9

10   I certify that the above is true and correct to the best knowledge of the Plaintiff under penalty of perjury.

11

12   I certify that a copy of the complaint will be served on the Anchorage, Federal Court and Federal

13   Government at the Appropriate places after Court Expectance of this Suit, or that as the Court and US.

14   Government being the Defendant will Self Served, and/or, have been Properly Served with the Court Filing

15   of the Complaint to the Federal Court Clerk, as the Court is the Common Residence-Place of Business of

16   the Defendant and the Government is now only a Common Defendant with no Special Privilege or Rights.

17

18   Dated at Seward Alaska, on, _6 - 3 0 - 0 6_ .                    _____ .

19                                                          Robert A. Long,              Pro Se.

20

21

22

23   p 15 of 15

24

25

26

27

28