UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| ROBERT A. LONG,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case No. CV 06-00154-ER<br><br>**ORDER 1) GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS AND 2) DISMISSING PLAINTIFF'S COMPLAINT WITHOUT PREJUDICE AS FRIVOLOUS AND FOR FAILING TO STATE A CLAIM ON WHICH RELIEF MAY BE GRANTED** |

This matter is before the Court on Plaintiff's application to proceed in forma pauperis. His application and affidavit demonstrate that he is unable to pay the fees associated with commencing this action. See 28 U.S.C. § 1915(a).

Under 28 U.S.C. § 1915(e), however, the court must dismiss any in forma pauperis action if it is "frivolous" or "fails to state a claim on which relief may be granted." § 1915(e)(2)(B)(i) and (ii). Congress recognized that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." Neitzke v. Williams, 490 U.S. 319, 324 (1989). Accordingly, § 1915(e)(2)(B)(i) requires courts to dismiss frivolous in forma pauperis actions.

1    An action is frivolous where "it lacks an arguable basis either in law or in
2 fact." Neitzke, 490 U.S. at 324.  Not only does this subsection permit a court to
3 dismiss a claim based on an indisputably meritless legal theory, but it also permits
4 a court to "pierce the veil of the complaint's factual allegations and dismiss those
5 claims whose factual contentions are clearly baseless," a category that includes
6 allegations that are fanciful, fantastic, and delusional. Id. at 327.

7    Section 1915(e)(2)(B)(ii) similarly requires that the court dismiss an in
8 forma pauperis action if the court determines that the action "fails to state a claim
9 on which relief may be granted."  This standard, identical to that of Federal Rule
10 of Civil Procedure 12(b)(6), requires a court to dismiss an in forma pauperis
11 complaint if, as a matter of law, it is clear that no relief could be granted under any
12 set of facts that could be proved consistent with the allegations.

13    Here, Plaintiff's Complaint is frivolous.  Plaintiff names only the United
14 States of America as Defendant.  However, he never discusses why he is entitled
15 to relief against the United States.  Instead, he simply alleges that all of the United
16 States District Judges for the District of Alaska, a number of Federal Prosecutors
17 and Federal Defenders, and a number of other attorneys who participated in
18 his earlier prosecution conspired with one another to falsify trial and sentencing
19 records.  These allegations lack an arguable basis in law and in fact.

20    Furthermore, Plaintiff's claims fail to state a claim on which relief may be
21 granted.  Plaintiff cites no law that would grant him relief; instead, he simply
22 alleges judges and attorneys took various actions which caused him harm.  Even if
23 the allegations are true, the Court cannot grant relief if the actions violate no law.

24    Because Plaintiff's allegations are frivolous and his complaint fails to state a
25 claim on which relief may be granted, the action is hereby DISMISSED
26 WITHOUT PREJUDICE.

1 | IT IS SO ORDERED.
2 | IT IS FURTHER ORDERED that the Clerk of the Court shall serve, by United
3 | States mail or by telefax or by email, copies of this Order on counsel in this matter.
4 |
5 | Dated: 8/22/06
6 |                                     **REDACTED SIGNATURE**
7 |                                     EDWARD RAFEEDIE
8 |                                     Senior United States District Judge