UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| ROBERT A. LONG,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case No. CV 06-00154-ER<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECUSAL, DENYING PLAINTIFF'S MOTION FOR CHANGE OF VENUE, AND DISMISSING FIRST AMENDED COMPLAINT WITH PREJUDICE** |

This matter is before the Court on Plaintiff Robert A. Long's First Amended Complaint. Plaintiff's original complaint was dismissed on August 25, 2006, without prejudice because it was "frivolous" and "failed to state a claim" pursuant to 28 U.S.C. § 1915(e)(2)(B). Plaintiff's First Amended Complaint fares no better.

As a preliminary matter, Plaintiff moves for Judge Rafeedie to recuse himself from this case and that the case should be transferred to the First Circuit. Recusal is only appropriate pursuant to 28 U.S.C. § 455[1] if "a reasonable person

---

[1] The Court notes that Plaintiff did not invoke 28 U.S.C. § 144, which requires a party to file a motion under that section accompanied by a timely and sufficient affidavit. Nonetheless, § 455 is directed to the judge, and even where a party fails to file a motion pursuant to § 144, the Court must consider § 455 if it is aware of grounds for recusal. United States v. Sibla, 624 F.2d 864, 867-68 (9th Cir. 1980).

with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." United States v. Studley, 783 F.2d 934, 939 (9th Cir. 1986). To prevail on a motion for recusal, a party must allege bias or prejudice stemming from an extrajudicial source. United States v. Azhocar, 581 F.2d 735, 739 (9th Cir. 1978). Plaintiff has not alleged bias or prejudice with specificity, much less bias or prejudice stemming from an extrajudicial source. Rather, Plaintiff appears to believe Judge Rafeedie is biased simply because he dismissed his original complaint. This is insufficient to support recusal. See Sibla, 624 F.2d at 868. Accordingly, the Court hereby DENIES Plaintiff's motion to recuse.

Plaintiff similarly moves for a change of venue from the Ninth Circuit to the First Circuit, alleging that all of the federal judges sitting in the Ninth Circuit are biased and cannot offer him a fair trial. The Court may grant a motion for change of venue for the convenience of the parties and in the interests of justice. 28 U.S.C. § 1404(a). However, Plaintiff has failed to show why the interests of justice demonstrate a need to change venue. Instead, Plaintiff relies on the same arguments he relied on in moving for recusal: simply that he has been unsuccessful in pursuing actions within the Ninth Circuit. A change of venue would not be in the interests of justice, and the Court hereby DENIES Plaintiff's motion.

Finally, the Court notes that Plaintiff's Complaint suffers from the same deficiencies as the original complaint he filed, which the Court previously dismissed. A court may dismiss sua sponte an in forma pauperis complaint under 28 U.S.C. § 1915(e) where the complaint is "frivolous" or "fails to state a claim on which relief may be granted."

Plaintiff's complaint is frivolous. A complaint is "frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Here, Plaintiff's claims are "so fanciful that they cannot conceivably have

-2-

any basis in law or fact." See <u>McInerney v. Strankman</u>, 1993 WL 313181 (N.D. Cal. 1993). Plaintiff's complaint also fails to state a claim on which relief may be granted. As discussed in the Order dismissing the original complaint, Plaintiff names the United States of America as the only Defendant, but he fails to allege any harm committed by the United States. Thus, if the facts in the Complaint are taken as true, they will not entitle Plaintiff to relief against the Defendant.

Accordingly, Plaintiff's Complaint is hereby DISMISSED WITH PREJUDICE. Plaintiff is advised that if he wishes to appeal this dismissal, he may file a notice of appeal within 60 days from the date of this order pursuant to Federal Rule of Appellate Procedure 4(a).

IT IS SO ORDERED.
IT IS FURTHER ORDERED that the Clerk of the Court shall serve, by United States mail or by telefax or by email, copies of this Order on Plaintiff in this matter.

Dated: 11/27/06

**REDACTED SIGNATURE**

EDWARD RAFEEDIE
Senior United States District Judge